**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
JACKSON DIVISION**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | Civil Action No. 3:11-cv-709-WHB-RHW |
| | ) | |
| v. | ) | |
| | ) | |
| MARCUS MANLY MAGEE III, INA MAGEE, | ) | |
| and M.M. AND S., INC., | ) | |
| | ) | |
| Defendants. | ) | |

**CONSENT ORDER**

## I.   BACKGROUND

1.     The United States initiated this action on November 17, 2011, on behalf of Latasha Morgan and her four minor children, pursuant to the Fair Housing Act, 42 U.S.C §§ 3612(o) and 3614(a).

2.     Defendants Marcus Manly Magee and Ina Magee are residents of Mississippi and Defendant M.M. and S., Inc. is a Mississippi corporation.  Collectively, Defendants own and/or manage rental housing in Magee, Mississippi.

3.     The United States, in its Complaint, alleges that Defendants refused to rent a three-bedroom, two-bathroom house located on Pecan Grove Drive in Magee, Mississippi, to Latasha Morgan because she has "too many children" under Defendants' occupancy policy, in violation of 42 U.S.C. § 3604(a), (b), and (c).  The United States also alleges that Defendants' conduct constitutes a pattern or practice of resistance to the full enjoyment of rights granted by the Fair Housing Act, or a denial to a group of person of rights granted by the Fair Housing Act that raises an issue of general public importance, in violation of 42 U.S.C. § 3614(a).

1

4. The parties stipulate that this Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §§ 1331 and 1345, and 42 U.S.C. §§ 3612(o) and 3614(a).

5. In an effort to avoid costly litigation, the parties have voluntarily agreed, as indicated by the signatures below, to resolve the United States' claims against Defendants without the necessity of a hearing on the merits and without admission of liability or wrongdoing on the part of Defendants.

**Wherefore, it is ORDERED, ADJUDGED and DECREED:**

## II.     GENERAL INJUNCTION

6. Defendants, along with their agents, employees, successors, and all persons in active concert with Defendants in their ownership, operation, or management of rental housing, are enjoined from:

    a.     refusing to rent after the making of a bona fide offer, or refusing to negotiate for the rental of, or otherwise making unavailable or denying, a dwelling to any person because of familial status in violation of 42 U.S.C. § 3604(a);

    b.     discriminating against any person in terms, conditions, or privileges of rental of a dwelling, or in the provision of services or facilities in connection therewith, because of familial status in violation of 42 U.S.C. § 3604(b); and

    c.     making, printing, or publishing, or causing to be made, printed, or published any notice, statement, or advertisement with respect to the rental of a dwelling that indicates any preference, limitation, or discrimination based on familial status in violation of 42 U.S.C. § 3604(c).

7. In conjunction with Paragraph 6, Defendants, along with their agents, employees, successors, and all persons in active concert with Defendants in their ownership, operation, or

management of rental housing, are enjoined from applying an occupancy policy for rental units that distinguishes between adults and children (*e.g.*, setting a maximum number of children per rental unit).  Defendants have eliminated the occupancy policy described in Paragraph 3 and have enacted an occupancy policy of two persons per bedroom as described in Appendix A.

### III.   NOTICE TO PUBLIC OF NONDISCRIMINATION POLICY

8.   Within thirty (30) days of the date of entry of this Consent Order, Defendants shall take the following steps to notify the public of their non-discrimination policy:

   a.   Post and prominently display in all offices or areas Defendants may currently or subsequently use for the rental of dwellings, a sign no smaller than ten (10) inches by fourteen (14) inches indicating that all dwellings are available for rental on a nondiscriminatory basis.  A poster that comports with 24 C.F.R. Part 110 will satisfy this requirement.

   b.   Include the following written statement in all advertisements for rentals, including advertisements in newspapers, internet webpages, flyers, handouts, telephone directories and other written materials, and all rental applications and all leases: "We are an equal opportunity housing provider. We do not discriminate on the basis of race, color, religion, sex, disability, familial status (having children under age 18), or national origin."

### IV.   MANDATORY TRAINING

9.   Within ninety (90) days of the date of entry of this Consent Order, Defendants Marcus Manly Magee III and Ina Magee shall attend an educational program that will offer instruction regarding their obligations under this Order and the federal Fair Housing Act. Defendants shall pay the cost of this educational program.  The United States shall review and

approve the content and form of the program.  The trainer or training entity shall be qualified to perform such training, independent of Defendants or their counsel, and approved in advance by the United States.

10.     Any new employees hired to work with or for Defendants who will perform management or administrative duties with respect to the rental of housing owned and/or managed by Defendants will attend fair housing training within thirty (30) days of the start of their employment.  Defendants shall bear the costs associated with this training.

11.     Within ten (10) days of completing the training, Defendants Marcus Manly Magee and Ina Magee, and any newly hired employees as specified in Paragraph 10, shall certify that they have participated in the educational training program, and that they understand and acknowledge their duties and responsibilities under this Order and the federal Fair Housing Act, by completing an acknowledgement in the form of Appendix B to this Order.

## V.     REPORTING AND RECORD KEEPING REQUIREMENTS

12.     Within one hundred twenty (120) days of the date of entry of this Consent Order, and thereafter on the anniversary of the date of entry of this Consent Order, Defendants shall submit to counsel for the United States a compliance report, except that the final report shall be submitted sixty (60) days prior to the anniversary of the date of entry of this Consent Order.[1] The compliance report shall include: (a) copies of any training certifications completed as

---

[1] All correspondence required to be sent to the United States under the provisions of this Order shall be sent to Chief, Housing and Civil Enforcement Section, U.S. Department of Justice, Attn: DJ # 175-41-222, at the following addresses:

| | |
|---|---|
| Regular U.S. Mail: | 950 Pennsylvania Avenue, N.W. – G Street |
| | Washington, D.C. 20530 |
| Overnight Mail: | 1800 G Street, N.W. |
| | Suite 7067 |
| | Washington, D.C. 20006 |

required by Paragraph 11; (b) copies of any advertising for rental housing owned and/or managed by Defendants in newspapers, in telephone directories, on radio, on television, on the internet, or in other media published since the submission of the prior report; and (c) photographs showing the Nondiscrimination Policy described in Paragraph 8 posted and prominently displayed in Defendants' lobby and leasing office.

13.     Defendants shall notify counsel for the United States in writing within fifteen (15) days of receipt of any written or oral complaint against Defendants regarding familial status discrimination.  If the complaint is written, Defendants shall provide a copy of it with the notification.  The notification shall include the full details of the complaint, including the complainant's name, address, and telephone number.  Defendants shall also promptly provide the United States all information it may request concerning any such complaint and shall inform the United States in writing within fifteen (15) days of the terms of any resolution of such complaint.

14.     Defendants shall notify counsel for the United States by mail and facsimile[2] if they seek to revise the occupancy policy attached as Appendix A at least thirty (30) days before such change takes effect.  At the time of notice, Defendants shall provide a written copy of the revised policy and the reason for any change(s).  Any Defendant who acquires a rental property must notify the United States within ten (10) days of the acquisition.  Any such rental property will be covered by the policy described in Appendix A.

15.     Defendants shall preserve all records related to this Consent Order and to the rental housing they own and/or manage.  Such documents include, but are not limited to, advertisements, applications, leases, and tenant files.  Upon reasonable notice to Defendants,

---

[2] In addition to sending notice by mail, see footnote 1, notice should be sent by facsimile to (202) 514-1116.  Any submission should reference the case name and/or DJ # 175-41-222.

representatives for the United States shall be permitted to inspect and copy any records related to this Consent Order so as to determine compliance with the Consent Order, provided, however, that the United States shall endeavor to minimize any inconvenience to Defendants.

16.     The United States may take steps to monitor Defendants' compliance with the Consent Order including, but not limited to, conducting fair housing tests at the rental housing owned and/or managed by Defendants to determine if Defendants are violating any part of this Order.

## VI.     RELIEF FOR LATASHA MORGAN AND HER MINOR CHILDREN

17.     Defendants will pay a total sum of Twenty Thousand Dollars ($20,000) in settlement of the case to Latasha Morgan and her minor children, O.B., M.M., A.H. and K.L. The United States will arrange for the chancery court of the county of the residence of minors O.B., M.M., A.H. and K.L., or the chancery court of the county wherein minors O.B., M.M., A.H. and K.L. are entitled to damages accruing under this Consent Order, to enter an order pursuant to Mississippi Code § 93-12-211(a).

18.     Within ten (10) days of the chancery court's order, Defendants shall deliver checks payable to the individuals identified in Appendix C for the amounts listed therein to Mitzi Dease Paige, Assistant United States Attorney, 501 East Court Street, Suite 4.430, Jackson, Mississippi 39201, for her to forward to Ms. Morgan and her children.

19.     Upon receipt of the checks, the United States shall send to Defendants executed release(s) (attached as Appendix D) of all claims, legal or equitable, that Latasha Morgan and her four minor children may have against Defendants relating to the claims asserted in this lawsuit.

## VII.   CIVIL PENALTY

20.     Within thirty (30) days of the date of entry of this Consent Order, Defendants shall pay a total of Seven Thousand Dollars ($7,000) to the United States as a civil penalty, pursuant to 42 U.S.C. § 3614(d)(1)(C).  The payment shall be in the form of an electronic funds transfer pursuant to written instructions to be provided by the United States.

21.     In the event that Defendants or any of their officers, agents, or employees are found liable for any future violation of the Fair Housing Act, such violation shall constitute a "subsequent violation" pursuant to 42 U.S.C. § 3614(d)(1)(C)(ii).

## VIII.   SCOPE AND DURATION OF CONSENT ORDER

22.     The provisions of this Consent Order shall apply to Defendants, their employees, agents, successors, and all persons acting in active concert or participation with them.

23.     This Order is effective immediately upon its entry by the Court and shall remain in effect for three years from the date of entry.

24.     The Court shall retain jurisdiction over this action for all purposes related to the enforcement of this Order throughout its term, after which time the case shall be dismissed with prejudice.

25.     The United States may move the Court to extend the period in which this Order is in effect if it believes that any Defendant has likely violated one or more terms of this Order or if the interests of justice otherwise require an extension.

26.     The parties to this Order shall endeavor in good faith to resolve informally any differences regarding interpretation of and compliance with this Order prior to bringing such matters to the Court for resolution.  However, in the event that Defendants either fail to perform in a timely manner any act required by this Order or act in violation of any provision of this

Order, the United States may move the Court to impose any remedy authorized by law or equity, including, but not limited to, an order requiring performance or non-performance of certain acts and an award of any damages and costs that may have been occasioned by Defendants' action or inaction.

27.    Any time period set forth within this Order for the performance of any act may be changed by written agreement of the parties without Court approval.

## IX.    COSTS OF LITIGATION

28.    All parties shall be responsible for their own attorney's fees and costs associated with this action.

## X.    TERMINATION OF LITIGATION HOLD

29.    The parties agree that, as of the date of the entry of this Order, litigation is not "reasonably foreseeable" concerning the matters described in Paragraphs 1-3.  To the extent that either party previously implemented a litigation hold to preserve documents, electronically stored information, or things related to the matters described in Paragraphs 1-3, the party is no longer required to maintain such a litigation hold.  Nothing in this paragraph relieves either party of any other obligations imposed by this Consent Order.

**IT IS SO ORDERED**:

This 17th day of April, 2013.


s/William H. Barbour, Jr.
**William H. Barbour, Jr.**
SENIOR DISTRICT COURT JUDGE

By their signatures below, the parties consent to the entry of this Consent Order.

FOR THE UNITED STATES:

Dated: April 12, 2013

GREGORY K. DAVIS                          THOMAS E. PEREZ
United States Attorney                    Assistant Attorney General

/s/ Mitzi Dease Paige                     /s/ Carrie Pagnucco
MITZI DEASE PAIGE                         STEVEN H. ROSENBAUM
Assistant United States Attorney          Chief
501 E. Court Street                       MICHAEL S. MAURER
Suite 4.430                               Deputy Chief
Jackson, Mississippi 39201                CARRIE PAGNUCCO
(601) 973-2840                            Trial Attorney
(Mississippi Bar No. 6014)                Housing and Civil Enforcement Section
                                          Civil Rights Division
                                          U.S. Department of Justice
                                          950 Pennsylvania Avenue NW
                                          Northwestern Building, 7th Floor
                                          Washington, D.C. 20530
                                          Phone:  (202) 353-9491
                                          Fax:  (202) 514-1116
                                          carrie.pagnucco@usdoj.gov

FOR THE DEFENDANTS:

Dated: April 12, 2013                     Dated _____, 2013

/s/ Hiawatha Northington II               _____
HIAWATHA NORTHINGTON II                   MARCUS MANLY MAGEE III
Smith & Fawer, LLC
774 Avery Blvd. North                     Dated _____, 2013
Ridgeland, MS 39157
601.899.8726 (phone)                      _____
601.899.8727 (facsimile)                  INA MAGEE
hnorthington@smithfawer.com
                                          Dated _____, 2013

                                          _____
                                          M.M. AND S., INC.

**APPENDIX A**

**OCCUPANCY POLICY**

| Property Address | Bedrooms | Maximum Occupancy |
|---|---|---|
| 102 4th Ave. S.W., Magee, MS | 2 | 4 |
| 1510 North Ave. N.W., Magee, MS | 2 | 4 |
| 1512 North Ave. N.W., Magee, MS | 2 | 4 |
| 1514 North Ave. N.W., Magee, MS | 2 | 4 |
| 122 Pecan Grove Dr., Magee, MS | 2 | 4 |
| 123 Pecan Grove Dr., Magee, MS | 2 | 4 |
| 126 Pecan Grove Dr., Magee, MS | 2 | 4 |
| 127 Pecan Grove Dr., Magee, MS | 2 | 4 |
| 1508 North Ave., N.W., Magee, MS | 3 | 6 |
| 105 Pecan Grove Dr., Magee, MS | 3 | 6 |
| 108 Pecan Grove Dr., Magee, MS | 3 | 6 |
| 114 Pecan Grove Dr., Magee, MS | 3 | 6 |
| 115 Pecan Grove Dr., Magee, MS | 3 | 6 |
| 118 Pecan Grove Dr., Magee, MS | 3 | 6 |
| 119 Pecan Grove Dr., Magee, MS | 3 | 6 |
| 130 Pecan Grove Dr., Magee, MS | 3 | 6 |
| 131 Pecan Grove Dr., Magee, MS | 3 | 6 |
| 134 Pecan Grove Dr., Magee, MS | 3 | 6 |
| 135 Pecan Grove Dr., Magee, MS | 3 | 6 |
| 138 Pecan Grove Dr., Magee, MS | 3 | 6 |
| 142 Pecan Grove Dr., Magee, MS | 3 | 6 |
| 4912 Hwy. 28W, Magee, MS | 3 | 6 |
| 1499 Hwy. 49S, Magee, MS | 4 | 8 |

**APPENDIX B**

**TRAINING CERTIFICATION**

On _____, 201_, I, _____, successfully completed

training on the federal Fair Housing Act.  I certify that I fully understand my obligations under

the Consent Order entered in *United States v. Magee*, Civil Action No. 11-709 (S.D. Miss.).


_____
Signature


_____
Name


_____
Date

**APPENDIX C**

**RECIPIENTS OF FUNDS**

| Name | Amount |
|---|---|
| Latasha Morgan | $18,000.00 |
| O.B. | $500.00 |
| M.M. | $500.00 |
| A.H. | $500.00 |
| K.L. | $500.00 |

**APPENDIX D**

**RELEASE OF CLAIMS**

In consideration of the parties' agreement to the terms of the Consent Order entered in *United States v. Magee*, Civil Action No. 11-709 (S.D. Miss.), and Defendants' payment of _____ dollars ($_____), I, _____, hereby release the Defendants named in this action, Marcus Manly Magee III, Ina Magee, and M.M. and S., Inc., from any and all liability for any claims, legal or equitable, I may have against them arising out of the issues alleged in the action.  I hereby acknowledge that I have read and understand this release and have executed it voluntarily and with full knowledge of its legal consequences.


_____
SIGNATURE

NAME: _____

ADDRESS:   _____
                     _____
                     _____

DATE: _____

13